
RECEIVED
USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 1-9-09

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| QUINCY O. GUILLORY<br>Fed. Reg. No. 11380-035<br>VS. | DOCKET NO. 2:02-CR-20062<br>2:05-cv-2212<br>SECTION P |
| UNITED STATES OF AMERICA | CHIEF JUDGE HAIK |

### REASONS FOR JUDGMENT AND JUDGMENT

Quincy O. Guillory filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 on December 21, 2005. [rec. doc. 140] Guillory attacks his March 21, 2003 convictions [rec. doc. 111] and the sentences totaling 40 years and 9 months which were imposed by this Court on September 17, 2003. [rec. doc. 133]

*Background*

On May 15, 2002 the Grand Jury returned an indictment charging Guillory with " carjacking" (18 U.S.C. §2119) on December 10, 2000; use of a firearm during the commission of a violent crime (18 U.S.C. §924(c)(1)(A)(ii)) on December 10 and 14, 2000; possession of a firearm by a convicted felon (18 U.S.C. §922(g)(1)) on December 10 and 14, 2000; and bank robbery (18 U.S.C. §2113(a) and (d)) on December 14, 2000. [rec. doc. 1] On August 6, 2002 Guillory filed a motion to suppress identification. [rec. doc. 34] On September 30, 2002 an evidentiary hearing on the motion was convened before the Magistrate Judge. [rec. doc. 64] On October 16, 2002, the Magistrate Judge recommended that the motion to suppress be denied. [rec. doc. 69] On November 22, 2002, the undersigned accepted the Magistrate Judge's recommendation and entered an order denying the motion to suppress identification. [rec. doc.

Trial commenced on March 17, 2003. [rec. doc. 101] On March 21, 2003, the jury returned its verdict finding Guillory guilty as charged on all six counts of the indictment. [rec. doc. 116] On March 28, 2003 Guillory filed a Motion for Judgment of Acquittal/New Trial. [rec. doc. 119] On April 23, 2003 the motions were denied. [rec. doc. 121]

On August 28, 2003 Guillory was sentenced to serve 40 years and 9 months. [rec. doc. 129] On September 8, 2003 Guillory filed a Notice of Appeal . [rec. doc. 131] On September 17, 2003 the sentence was amended as follows: 105 months for Counts 1, 3, 4, and 6; 7 years on Count 2; and 25 years on Count 5 with Counts 2 and 5 consecutive to each other and consecutive to any other sentence and with Counts 1, 3, 4, and 6 concurrent to each other but consecutive to Counts 2 and 5. [rec. doc. 133]

In his direct appeal to the Fifth Circuit, Guillory argued that the evidence was not sufficient and that the district court failed to rule on his motion to suppress identification. On August 31, 2004 the conviction was affirmed in an unpublished opinion of the Fifth Circuit Court of Appeals. *United States v. Quincy O. Guillory*, 108 Fed. Appx. 175 (5th Cir. 2004). [see also rec. doc. 137] His application for *certiorari* was denied by the United States Supreme Court on January 10, 2005. *Guillory v. United States*, 543 U.S. 1079, 125 S.Ct. 938 (Mem), 160 L.Ed.2d 821 (2005).

On December 21, 2005 Guillory filed the instant *pro se* Motion to Vacate pursuant to § 2255 raising the following claims for relief: (1) A due process violation resulted from the government's knowing use of perjured testimony to establish guilt on Counts 4 and 5 (bank robbery and use of a firearm in the commission of the bank robbery); (2) a due process violation

resulted from the Court's use of "Sentencing Factors" or "Sentencing Enhancements" and the Federal Sentencing Guidelines; (3) a due process violation based upon insufficient evidence to establish each element of each offense; and, (4) ineffective assistance of counsel based on counsel's failure to object to the foregoing due process violations and to provide "the minimally expected level of expertise at sentencing." [rec. doc. 140, pp. 1-2][1]

On October 23, 2008, the government answered the Motion arguing that Guillory's claims are procedurally defaulted or, in the alternative, that his claims are without merit. [rec. doc. 152]

Guillory then "traversed" the government's answer in a pleading filed on November 26, 2008. [rec. doc. 154]

## *Law and Analysis*

### *1. Scope of Review*

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. den.*, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The § 2255 relief available through the district court of conviction is commensurate or consistent with that of the traditional writ of *habeas corpus* which typically was filed in the court having jurisdiction over the petitioner's custodian. *Cates*, 952 F.2d at 151, citing *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct., 468, 470-71, 7 L.Ed.2d 417 (1962); also, *United States v.*

*Placente*, 81 F.3d 555, 558 (5th Cir.1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992), citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); see also, *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995).

In short, the remedy provided through collateral challenge process of §2255 is no substitute for an appeal. After conviction and exhaustion and waiver of any right to appeal, federal courts are "... entitled to presume that [the defendant] stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991), *cert. den.*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). A defendant may not raise a Constitutional issue for the first time on collateral review without showing both cause for his procedural default, actual prejudice resulting from the error, or "actual innocence" that would render the showing of cause and prejudice unnecessary. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir.1995), citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) *(en banc)*, *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992); See also *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991). Moreover, a prisoner who shows only the possibility of prejudice without demonstrating cause for his failure to raise the error at trial or on direct appeal, may not obtain collateral relief under § 2255. *United States v. Shaid*, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

### 2. Grounds for Relief
#### a. Knowing use of the perjured testimony of Maurice Thomas and ineffective assistance of counsel. [rec. doc. 140, pp. 4-22]

In his first claim, Guillory argues that his convictions on the bank robbery and associated firearms charge were the result of the government's knowing use of Maurice Thomas's perjured testimony. He also argues that "... defense counsel did not raise a vociferous enough objection to the prosecutor's misconduct to preserve the issue for appeal..." and thus counsel rendered ineffective assistance of counsel. [rec. doc. 140, p. 22]

As noted above, Guillory may not raise Constitutional issues for the first time on collateral review without showing both cause for his procedural default, actual prejudice resulting from the error, or "actual innocence" that would render the showing of cause and prejudice unnecessary. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir.1995), citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992); See also *United States v. Hicks*, 945 F.2d 107, 108 (5th

Cir.1991). Moreover, a prisoner who shows only the possibility of prejudice without demonstrating cause for his failure to raise the error at trial or on direct appeal, may not obtain collateral relief under § 2255. *United States v. Shaid*, 937 F.2d at 229.

It is unclear whether Guillory's brief references to "ineffective assistance of counsel" are meant to be separate grounds for relief or "cause" for his default. It is important to note, however, that Guillory does not fault counsel for failing to raise the perjury issue on appeal. Instead, he argues that counsel "... failed to properly object to the ... Fifth Amendment [Due Process] violations..." [rec. doc. 140, p. 2] and "... did not raise a vociferous enough objection to the prosecutor's misconduct to preserve the issue for appal..." [rec. doc. 140, p. 22] Both to the extent that these references are interpreted as grounds for relief or as cause for default, the factual basis of the claim is simply not supported by the record. To the contrary, the trial record reveals a vigorous cross-examination of Maurice Thomas by counsel. [Trial Transcript, pp. 244-273] Counsel vociferously argued that Maurice Thomas was not a credible witness and highlighted each instance in his testimony that she believed was inconsistent with the evidence. [Trial Transcript, pp. 954-966] Finally, counsel's Motion for Judgment of Acquittal/New Trial raised issues concerning Thomas's credibility, as follows: "Maurice Thomas a convicted felon with numerous convictions, said he was the man with the bag. Maurice testified he was not present during the alleged carjacking, he was at home. Maurice testified that he stayed in the car as Quincy Guillory went into the bank. Maurice testified he never lied. He further stated that Corey Michaels would by lying if he said Maurice told him he was present during the carjacking. Without Maurice Thomas, the government would not have been able to locate and create a suspect." [rec. doc. 119, p. 5] In short, the record does not support Guillory's claim that

counsel failed to object or to preserve for appeal the issue of Thomas's credibility, or the government's use of his allegedly perjured testimony. Therefore, Guillory cannot rely upon these allegations of ineffective assistance of counsel to establish cause for his failure to raise the perjury claim on appeal.

Further, even if he could establish cause, Guillory is unable to establish prejudice. He offers no hard evidence to support his claim that Maurice Thomas's trial testimony was false. Even had he raised this claim on direct appeal to the Fifth Circuit in the first place the claim would have been summarily dismissed on appeal since it is the sole province of the jury, and not of the court of appeal, "... to weigh conflicting evidence and evaluate the credibility of witnesses. " *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998) (quoting *United States v. Ivey*, 949 F.2d 759, 766 (5th Cir.1991), *cert. denied, Wallace v. United States*, 506 U.S. 819, 113 S.Ct. 64, 121 L.Ed.2d 32 (1992)).

In short, Guillory's claim concerning the testimony of Maurice Thomas is procedurally defaulted because it was not raised on direct appeal.

**b. The 25 year sentence for a second conviction under 18 U.S.C. §924(c) was improper because his first §924(c) conviction was not yet final at the time of trial/sentencing. [rec. doc. 140, pp. 22-24]**

In the second claim, Guillory argues that he was improperly sentenced to serve 25-years as a second offender for the December 12 firearm conviction based on his December 10 firearm conviction which had not become final at the time of sentencing, or, as stated by Guillory, "... contends that the district court could not use his second conviction for violating 18 U.S.C. § 924(c) to further increase his sentence from five years to 25 years of imprisonment, because his first conviction did not become final until on or about January 12, 2005, as a matter of law." [rec.

[doc. 140, p. 23]

Again, this claim was available on appeal, but Guillory failed to assert it. With regard to this claim he again implies that counsel's ineffective assistance was the cause for his default, however, he does not demonstrate prejudice. As noted by the government, the United States Supreme Court's decision in *Deal v. United States*, 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) is dispositive on this issue. In *Deal* the defendant was convicted in a single proceeding of six counts of using a firearm during a crime of violence. As noted by the court, since 8 U.S.C. §924(c)(1) prescribes a 5-year prison term for the first such conviction (in addition to the punishment provided for the crime of violence) and requires a 20-year sentence " [i]n the case of [a] second or subsequent conviction under this subsection..." the District Court sentenced the defendant to 5 years imprisonment on the first § 924(c)(1) count and to 20 years on each of the five other counts, the terms to run consecutively. Deal appealed his sentence providing an argument identical to Guillory's argument. The Court rejected that argument and instead held that the word "conviction," within meaning of statute mandating 20-year sentence in case of second or subsequent conviction for using or carrying firearm during and in relation to any crime of violence, refers to finding of guilt by judge or jury that necessarily precedes entry of final judgment of conviction, rather than meaning "judgment of conviction. " The Court further held that the statute in question does not require that the previous sentence become final prior to the commission of the instant offense in order for enhanced sentence to be imposed for the instant offense. *Deal v. United States*, 508 U.S. 120, 131-132.

Thus, Guillory's claim concerning §924(c)(1) is defaulted and he cannot show prejudice to warrant consideration of the merits of his claim. Further, his claim is manifestly without merit

given the Supreme Court's interpretation of the statute in *Deal*.

### c. The sentence imposed under the Sentencing Guidelines must be set aside in light of *Booker v. United States*. [rec. doc. 140, pp. 25-26]

On January 12, 2005, the United State Supreme Court decided *Booker v. United States*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) which held that a criminal defendant's Sixth Amendment rights to trial by jury are violated by the imposition of sentence enhancements not found by a jury beyond a reasonable doubt or admitted by the defendant. Guillory's conviction became final two days earlier, on January 10, 2005, when the United States Supreme Court denied his application for *certiorari*. *Guillory v. United States*, 543 U.S. 1079, 125 S.Ct. 938 (Mem), 160 L.Ed.2d 821 (1/10/2005). *Booker* does not apply retroactively to this §2255 Motion. *United States v. Gentry*, 432 F.3d 600 (5th Cir. 2005). Therefore, Guillory's *Booker* claim s without merit.

Further, Counsel cannot be faulted for failing to foresee the change in the law that was brought about in *Booker*. See *United States v. Richmond*, 2007 WL 2284543 *2 (E.D.La.2007) (defense counsel "cannot be deemed ineffective for conforming to the law as it existed at the time of the alleged error, i.e. at the sentencing hearing, and failing to anticipate significant subsequent changes in the law as set forth in *Blakely, Booker* and *Fanfan*." ); *United States v. Facer*, 2007 WL 2156584 *4 (W.D.La.2007) ( "Defense counsel could not be considered ineffective for failing to ... foresee *Booker*." ); see also *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir.1997) ("there is no general duty on the part of defense counsel to anticipate changes in the law"); *Lucas v. Johnson*, 132 F.3d 1069, 1078-79 (5th Cir.) ("The determination whether the performance of counsel was deficient is based upon the law as it existed at the time of trial.... [C]ounsel is not required to anticipate subsequent developments in the law."), *cert. dismissed*,

524 U.S. 965, 119 S.Ct. 4, 141 L.Ed.2d 765 (1998). In other words, counsel was not ineffective for failing to raise a Sixth Amendment *Booker* claim at trial or on direct appeal.

### *d. Insufficiency of the Evidence*

Guillory also alleged that his "... conviction and sentence was obtained through a jury verdict which had failed to incorporate and determine beyond a reasonable doubt, all the elements of the charged offense..." However, he provided no specific argument to support his sufficiency of evidence claim. Nevertheless, the claim is subject to dismissal because it was fully litigated on appeal. The Fifth Circuit made the following observations, "Quincy O. Guillory (Guillory) appeals his convictions for one count of carjacking; two counts of using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence; two counts of possession of a firearm by a convicted felon; and one count of bank robbery; violations of 18 U.S.C §§ 2119, 2213(a) & (d), 922(g)(1), and 924(c)(1)(A)(ii). Guillory contends that there was insufficient evidence presented at trial to link him to the offenses...Considering all the evidence in the light most favorable to the verdict, there was sufficient evidence presented at trial to prove that Guillory was guilty of the offenses charged. " *United States v. Guillory*, 108 Fed. Appx. 175, 176-7".

Claims raised and considered on direct appeal cannot be considered in §2255 Motions. *United States v. Webster*, 392 F.3d 787, 791 at fn 5 (5th Cir. 2004), citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."); and, *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir.1997). Thus, to the extent that Guillory urges a claim of sufficiency of the evidence in this Motion, that claim may not be

considered.

## 4. Conclusion

Therefore, for the foregoing reasons,

**IT IS ORDERED** that Quincy O. Guillory's Motion to Vacate pursuant to 28 U.S.C. § 2255 (rec. doc. 140) be and it is hereby **DENIED AND DISMISSED WITH PREJUDICE.**

*[signature]*
RICHARD T. HAIK, SR.
CHIEF JUDGE

---

[1] Guillory did not utilize the form supplied by this Court to federal prisoners who collaterally attack their convictions and sentences by way of a §2255 Motion. His *pro se* pleading is divided into five sections identified by Roman Numerals I -V. Section I provides an Introduction and a "Statement of Issues Under Consideration" which summarizes his Due Process claims as follows, "Petitioner's conviction was obtained by the government's knowing use of perjuried [sic] or false evidence concerning Counts Four and Five for the armed robbery offense, and the use of a firearm during a crime of violence (the bank robbery). In addition, Petitioner's Due Process Rights were violated in light of this Court's use of 'Sentencing Factors, a/k/a Sentencing Enhancements', and the Constitutionality of the mandatory use of the Federal Sentencing Guidelines, both factually and applied in this instant case. Additionally, the conviction and sentence was obtained through a jury verdict which had failed to incorporate and determine beyond a reasonable doubt, all the elements of the charged offense" The Sixth Amendment right to counsel claim is as follows: "Petitioner's conviction and sentence proceedings were tainted as Petitioner did not receive effective assistance of counsel during the underlying criminal proceedings, as Petitioner's counsel had failed to properly object to the foregoing Fifth Amendment violations and failed to provide the minimally expected level of expertise at sentencing." [rec. doc. 140, pp. 1-2]

However, thereafter, Guillory's Motion provided specific argument on only three claims: (a) The knowing use of the perjured testimony of Maurice Thomas [rec. doc. 140, pp. 4-22]; (b) The 25 year sentence for a second conviction under 18 U.S.C. §924(c) was improper because his first §924(c) conviction was not yet final at the time of trial/sentencing. [rec. doc. 140, pp. 22-24]; and (c) The sentence imposed under the Sentencing Guidelines must be set aside in light of *Booker v. United States*. [rec. doc. 140, pp. 25-26] Guillory raised an ineffective assistance of counsel claim as an aspect of his claim concerning the perjured testimony of Maurice Thomas, "... defense counsel did not raise a vociferous enough objection to the prosecutor's misconduct to preserve the issue for appeal..." and thus counsel rendered ineffective assistance of counsel, but otherwise provided no other instances of ineffective assistance of counsel. [rec. doc. 140, p. 22]