# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 2:02-20062** |
| **VS.** | **JUDGE HAIK** |
| **QUINCY O. GUILLORY** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Relief from Final Judgment pursuant to FRCP Rule 60(b) filed in proper person by Quincy O. Guillory. [rec. doc. 172].  Petitioner is currently confined at the Federal Correctional Institution in Beaumont, Texas, serving a total sentence of forty years and nine months imposed following petitioner's March 21, 2003 conviction for carjacking, using, carrying, possessing and brandishing a firearm during or in relation to a crime of violence (two counts), possession of a firearm by a convicted felon (two counts) and bank robbery. This matter was referred to the undersigned for Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

By this Motion, Guillory requests that this Court vacate it's previous January 9, 2009 Judgment denying and dismissing his § 2255 Motion to Vacate pursuant to FRCP Rule 60(b)(6).  Guillory contends that this Court should reconsider its prior decision based on the United States Supreme Court's subsequent decisions in  *Lafler v. Cooper*, 132 S.Ct. 1367 (2012) and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

In *LaFler*, the Court held that counsel's performance is deficient when counsel advises a defendant to reject a plea offer on grounds that the defendant could not be

convicted at trial and that to demonstrate prejudice from this deficient performance, the defendant must show that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (that is, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *LaFler*, 132 S.Ct. at 1384-1385.

In *Martinez*, the Court held that, as an equitable matter, in states which do not permit the raising of an ineffective assistance of counsel claim via post-trial motion or on direct appeal, ineffective assistance in a collateral proceeding – the first proceeding in which an ineffective assistance claim may be raised – may constitute "cause" for procedural default of an ineffective assistance of counsel claim in two circumstances: (1) where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial or (2) where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland*, meaning that the ineffective assistance claim is meritorious. *Martinez*, 132 S.Ct. at 1318-1319.

The pertinent procedural history of this case is as follows. Petitioner was convicted on March 21, 2003 of carjacking, using, carrying, possessing and brandishing a firearm during or in relation to a crime of violence (two counts), possession of a firearm

2

by a convicted felon (two counts) and bank robbery. [rec. doc. 116].  On August 27, 2003, petitioner was sentenced to a total of forty years and nine months imprisonment. [rec. doc. 128, 129 and 133].

The United States Court of Appeal for the Fifth Circuit affirmed petitioner's convictions and sentences on August 31, 2004, and the decision was issued as a mandate on September 22, 2004. [rec. doc. 137; *United States v. Guillory,* 108 Fed. Appx. 175 (5th Cir. 2004)].  On direct appeal, petitioner argued that  there was insufficient evidence presented at trial to link him to the offenses and that the district court erred in not ruling on his motion to suppress identification. *See United States v. Guillory,* 108 Fed. Appx. 175 (5th Cir. 2004).  With respect to the former claim, the Fifth Circuit held that "Considering all the evidence in the light most favorable to the verdict, there was sufficient evidence presented at trial to prove that Guillory was guilty of the offenses charged."  With respect to the latter claim, the Fifth circuit held that "Guillory's assertion that the district court did not rule on his motion to suppress identification [was] not supported by the record. The record reflects that the district court adopted the magistrate judge's recommendation and denied the motion."  *Id.* at 176.  The United States Supreme Court denied certiorari on January 10, 2005. *Guillory v. United States*, 543 U.S. 1079, 125 S.Ct. 938 (2005)

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on December 21, 2005 in which he asserted the following grounds for relief: (1) that petitioner was denied due process because the government knowingly used the perjury testimony of Maurice

3

Thomas; (2) that petitioner's 25 year sentence under § 924(c)(1) was erroneous because his first conviction was not yet final;  (3) that petitioner's sentence was in violation of *Booker v. United States*, 543 U.S. 220, 125 S.Ct. 738 (2005); and (4)  that there was insufficient evidence to support petitioner's convictions.  [rec. doc. 140].

Following the filing of an Answer by the government [rec. doc. 152] and a Reply by petitioner [rec. doc. 154], the Court denied and dismissed the Motion on January 9, 2009. [rec. doc. 155].  In denying relief, this Court held that petitioner's first and second claims for relief were procedurally defaulted because they had not been raised on appeal. With respect to the first claim, in discussing whether counsel's ineffectiveness could constitute cause for the default, the Court alternatively reached the merits stating that "even if [petitioner] could establish cause. . . [h]e offers no hard evidence to support his claim that Maurice Thomas's trial testimony was false.  Even had he raised this claim on direct appeal to the Fifth Circuit in the first place that claim would have been summarily dismissed on appeal . . . ."[1]

Petitioner's sentencing claim asserted under § 924(c)(1) was likewise alternatively dismissed as "manifestly without merit given the Supreme Court's interpretation of the statute in *Deal v. United States*, 508 U.S. 129, 113 S.Ct. 1993 (1993).

---

[1]To the extent that petitioner asserted, either as cause for the procedural default of his perjury claim or as a separate ground for relief, that counsel was ineffective because "counsel did not raise a vociferous enough objection to the prosecutor's misconduct to preserve the issue for appeal", that claim was denied on the merits because the record did not support Guillory's claim.  To the contrary, this Court found that the trial transcript revealed that counsel had vigorously cross-examined Thomas and argued to the jury that he was not a credible witness, highlighting each instance that counsel believed his testimony was inconsistent with the evidence.  The Court also found that the record demonstrated that counsel had additionally raised Thomas' credibility by Motion for Judgment of Acquittal and New Trial.

Petitioner's *Booker* claim was rejected because *Booker* cannot be applied retroactively to cases on collateral review[2] and any claim of ineffective assistance of counsel for failing to raise a *Booker* type claim on appeal is foreclosed by Fifth Circuit precedent.[3]

Petitioner's insufficient evidence claim was not considered because it had already been fully litigated on direct appeal and, accordingly, under Circuit precedent could not be reconsidered in a  § 2255 Motion.[4]

Petitioner's Motion for Reconsideration was denied on January 22, 2009. [rec. doc. 157].  This Court denied a Certificate of Appealability on July 23, 2009. [rec. doc., 164].

The United States Court of Appeal for the Fifth Circuit denied a Certificate of Appealability on April 4, 2010. [rec. doc., 166].

The instant Motion was filed on May 10, 2013.

For the following reasons, the undersigned **RECOMMENDS** that the instant Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b) be construed as a second or successive federal *habeas corpus* petition pursuant to 28 U.S.C. § 2244(b) and therefore be **DISMISSED** for lack of subject matter jurisdiction, and alternatively,

---

[2]The Court cited *United States v. Gentry*, 432 F.3d 600 (5th Cir. 2005) as the basis for its ruling.

[3]*See United States v. McTizic,* 377 Fed. Appx. 391, 394 (5th Cir. 2010) *citing United States v. Fields,* 565 F.3d 290, 296-297 (5th Cir. 2009) and  *United States v. Jackson*, 332 Fed. Appx. 973 (5th Cir. 2009) (unpublished).

[4]The Court cited *United States v. Webster*, 392 F.3d 787, 791 at fn. 5 (5th Cir. 2004) *citing United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) and *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997) as the basis for its ruling.

**DENIED** and **DISMISSED** on the merits.

<u>LAW AND ANALYSIS</u>

**I.  Second or Successive Petition**

In light of the above procedural history, as a threshold matter, this Court must determine whether petitioner's Motion is properly construed as a second and successive §2255 Motion to Vacate filed without proper authorization or whether this Court has jurisdiction to consider petitioner's Motion under Rule 60(b).

Petitioner cites the United States Supreme Court's decision in *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641 (2005) in support of the propriety of the instant Rule 60(b) Motion.[5]  In *Gonzalez*, the Court held that relief is available under Rule 60(b) in *habeas* proceedings, *but only* to the extent that the Motion is not inconsistent with the federal statutory provisions and rules set forth by AEDPA, including its limits on successive federal petitions.  *Id.* at 529.

The Court held that a Rule 60(b) Motion filed after disposition of a § 2254 *habeas corpus* petition is properly construed as a successive *habeas* petition if it presents a "claim."  *Id.* at 530.  A "claim" is defined as "an asserted federal basis for relief from a state court's judgment of conviction."  *Id.*  The Court explained that a Rule 60(b) Motion filed after disposition of a § 2254 *habeas corpus* petition advancing one or more new

---

[5]Although *Gonzalez* involved a state *habeas corpus* proceeding asserted under § 2254, because the second and successive provisions applicable to pleadings under § 2254 and § 2255 are nearly identical, it is proper to read cases interpreting these provisions in *pari materia*.  Hence, *Gonzalez* is applicable to motions under § 2255.

"claims" or attacking the federal court's previous resolution of a "claim" on the merits, although labeled a Rule 60(b) Motion, is in substance a successive *habeas* petition and should therefore be treated accordingly. *Id.* at 530-531. The Court recognized that if this were not the case, such pleadings would be inconsistent with, and would circumvent, AEDPA's prohibitions for the filing of successive *habeas corpus* actions. *Id.* at 531.

On the other hand, when no "claim" is presented, that is, when neither the Motion itself, nor the federal judgment from which it seeks relief, substantively addresses federal grounds for setting aside the movant's conviction or sentence, allowing the Motion to proceed as denominated creates no inconsistency with the *habeas* statutes or rules, and therefore the Motion may properly be considered. *Id.* at 533.  In other words, "a Rule 60(b) Motion in a § 2254 case is not to be treated as a successive *habeas* petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 538.  Thus, when a 60(b) Motion asserts some defect in the integrity of the federal *habeas* proceeding, such as a procedural argument that the federal court misapplied the federal statute of limitations, no "claim" is presented and hence, the Motion is not a new collateral attack. *Id.* at 532.  *See also United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

The Court noted that in most cases, determining whether a "claim" is presented is relatively simple.  The Court cited examples of cases in which a "claim" is presented as including cases where the movant has omitted a claim of constitutional error and seeks to

present that claim, where the movant seeks to present newly discovered evidence in support of a claim previously denied, and where a movant contends "that a subsequent change in substantive law is a reason [under Rule 60(b)] justifying relief from the previous denial of a claim."  *Id.* at 531 (citations omitted).  The Court explained that in each of these three examples, "[i]n addition to the substantive conflict with AEDPA standards, . . . use of Rule 60(b) would impermissibly circumvent the requirement that a successive *habeas* petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 532 *citing* § 2244(b)(3).  In so holding, the Court noted that "virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive *habeas* petition and should be treated accordingly", expressly adding that "those holdings are correct." *Id.*

The Court expanded on the latter category of pleadings which are not permissible grounds under Rule 60(b), namely, those pleadings where a movant contends that a subsequent change in substantive law justifies relief, explaining that if these types of claims were properly asserted under Rule 60(b), the use of Rule 60(b) would circumvent AEDPA's requirement that a claim be dismissed unless it relies on a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. *Id*.  More specifically, the Court held that a "Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent

§ 2244(b)(2)(A)'s  dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Id.* at 531-532.

Recognizing this holding in *Gonzalez*, the Fifth Circuit has continued its longstanding practice  to construe purported Motions under Rule 60(b) based on subsequent Supreme Court decisions which change the law as successive § 2255 motions. *United States v. Bell*, 369 Fed. Appx. 610, 20910 WL 934306 (5th Cir. 2010) *citing United States v. Rich*, 141 F.3d 550, 551-553 (5th Cir. 1998) (noting that federal prisoner's Rule 60(b) motion, which raised a theory of relief based on the assertion that a Supreme Court decision changed the law, should be construed as a successive § 2255 motion).

In this case, the sole basis for relief under Rule 60(b) is the purported change in substantive law occasioned by the Supreme Court's recent decisions in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *LaFler v. Cooper*, 132 S.Ct. 1376 (2012).  Clearly, under *Gonzalez* and the above cited Fifth Circuit jurisprudence, the instant Rule 60(b) Motion is properly construed as second or successive § 2255 Motion.

Further, even if *Gonzalez* did not preclude a Rule 60(b) Motion based on subsequent Supreme Court decisions which change the law, it is clear that the Motion itself substantively addresses a federal ground for setting aside petitioner's conviction. Petitioner asserts his counsel's ineffectiveness under *LaFler* for allegedly failing to advise petitioner of the potential benefit of accepting a guilty plea rather than proceeding to trial,

9

a claim that petitioner admits was not previously asserted in his § 2255 motion.  Thus, petitioner does not seek to cure a procedural defect with respect to this Court's prior disposition of his Motion. There is no procedural argument presented and petitioner asserts no defect in the integrity of these federal proceedings. Thus, allowing the claim to be presented in this Motion as denominated creates an inconsistency with the *habeas* statutes and rules, and therefore may not properly be considered.  In other words, because the Motion does not challenge this Court's failure to reach and address the merits of his claim based on some procedural error, but rather the Motion presents a "claim" for relief directed at the validity of the underlying judgment of conviction, the instant Motion constitutes a new collateral attack.  *See Bishop v. Epps*, 288 Fed. Appx. 146, 149-150 (5th Cir. 2008); *United States v. Bain*, 309 Fed. Appx. 889, 890 (5th Cir. 2009); *United States v. Berry*, 262 Fed. Appx. 614, 615 (5th Cir. 2008).

Moreover, contrary to petitioner's present allegations, petitioner's claim could have been raised in the previous motion. While petitioner claims that he was unaware of the potential merit of his claim until after the United States Supreme Court's decision in *Lafler v. Cooper*, 132 S.Ct. 1367 (2012), petitioner was aware of all the facts which form the basis for his claim prior to his 2003 trial[6] and should have been aware that ineffective assistance of counsel constitutes a valid basis for § 2255 relief.  However, the claim

---

[6]Petitioner alleges that his attorney informed him that the government had made a plea offer, but stated that he did not know what petitioner's sentence would be if he accepted the offer.  Instead of undertaking further investigation as to what petitioner's sentence would be, the attorney allegedly advised petitioner that he stood a reasonable chance of acquittal if he proceeded to trial. [rec. doc. 172, pg. 2].

simply was not raised in his prior Motion.[7]  As such, the instant Motion must be construed as a successive § 2255 petition that requires pre-certification from the appropriate appellate court.

Before a petitioner can proceed with a second or successive *habeas* petition, he is required to move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  *See* 28 U.S.C. § 2244(b)(3)(A).[8]  Petitioner has not received such authorization.  Accordingly, until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  Therefore, this court lacks subject matter jurisdiction to consider this Motion and the Motion must be dismissed on that basis.

This Court is not required to transfer this second and successive § 2255 Motion to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Pursuant to  *In Re Epps,*  127 F.3d 364 (5th Cir. 1997), some district courts have taken this route; however, transfer is not mandatory.  Rather, the opinion merely adopts a procedure to be used when a district court determines that transfer is appropriate. *See Id.*

---

[7]The Fifth Circuit has held that a later motion is successive when it:  "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."  *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[8]Title 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

In the instant case, it is clear that transfer of this case to the Fifth Circuit would be futile as Fifth Circuit precedent precludes the grant of authorization by the Fifth Circuit for petitioner present his claim to this Court in a second or successive petition. *In re King*, 697 F.3d -1189 (5th Cir. 2012). In *In re King*, the Fifth Circuit agreed with the reasoning of the Eleventh Circuit in *In re Perez*, 682 F.3d 930, 933-934 (11th Cir. 2012) and held that *LaFler* did not decide a new rule of constitutional law and therefore claims based on this decision cannot form the basis for a second or successive § 2255 Motion. *Id.* Rather, *LaFler* merely applied the well established Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984) to a specific factual context. *Id.* [9]

---

[9]The Court also notes that both the Seventh and the Ninth Circuits have also held that *LaFler* did not decide a new rule of constitutional law and therefore claims based on this decision cannot form the basis for a second or successive § 2255 motion. Accordingly, these Circuits likewise denied the applicants permission to file a second or successive § 2255 motion. *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012); *Hare v. United States*, 688 F.3d 878 (7th Cir. 2012). The Ninth Circuit explained as follows:

> neither *Frye* nor *Lafler* can form the basis for an application for a second or successive motion because neither case decided a new rule of constitutional law. The Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed .2d 203 (1985). *See Frye*, 132 S.Ct. at 1404–08 (stating "[t]his application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*); *Lafler*, 132 S.Ct. at 1384 (stating that the "question for this Court is how to apply *Strickland*'s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial.") Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government. Therefore, we join the Eleventh Circuit in concluding that neither case decided a new rule of constitutional law. *See In re Perez,* 682 F.3d 930, 933–34 (11th

Moreover, the Fifth Circuit has likewise concluded that *Martinez* does not provide a basis for authorization under § 2244(b)(2)(A) to file a second or successive *habeas* petition, as the Court's decision was an "equitable ruling" that did not establish "a new rule of constitutional law." *Adams v. Thaler*, 679 F.3d 312, 323, fn. 6 (5th Cir. 2012) *citing Martinez*, 132 S.Ct. at 1319.

## II. Relief under Rule 60

Finally, even if the Court construes petitioner's argument that his claim based on *Martinez* may be construed as seeking to cure a procedural defect with respect to this Court's prior disposition of his Motion or some defect in the integrity of those federal proceedings, thereby permitting review under Rule 60(b), that claim is legally without merit for several reasons.

First, *Martinez* is inapplicable in petitioner's case.  *Martinez* concerns procedural default based on ineffective assistance of *habeas* counsel in state *habeas* proceedings involving state procedural rules.  However,  petitioner is a *federal* prisoner who wishes to collaterally attack the legality of his federal conviction.  Several courts have held that *Martinez* is inapplicable to federal prisoners seeking to challenge their federal convictions.  The undersigned agrees with the reasoning of those opinions.  *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *Lebron v. Terrell*, 2013 WL 443598, 5 (D.R.I. 2013); *United States v. Juarez*, 2013 WL 791066, *3 (N.D. Fla.

---

Cir. 2012).

2013); *United States v. Sanchez*, 2013 WL 143804, at fn. 2 (D. Neb. 2013); *Cuero-Salazar v. United States*, 2013 WL 1686273, *2 (M.D. Fla. 2013).

Second, while this Court found that petitioner's first and second claims were defaulted because they had not been raised on appeal[10],  in so finding this Court alternatively rejected these claims on the merits.  Thus, the holding in *Martinez*, even if applicable to federal prisoners, does not apply in petitioner's case.  *See Flenoid v. Lockett*, 2013 WL 1900493, 2 (S.D. Ind. 2013).  While this Court gave short shrift to petitioner's arguments, it did consider those arguments.  With respect to petitioner's due process claim based on the alleged knowing use of perjury testimony, this Court stated that "even if [petitioner] could establish cause. . . [h]e offers no hard evidence to support his claim that Maurice Thomas's trial testimony was false.  Even had he raised this claim on direct appeal to the Fifth Circuit in the first place that claim would have been summarily dismissed on appeal . . . ."  Likewise, this Court expressly found that petitioner's sentencing claim asserted under § 924(c)(1) was "manifestly without merit given the Supreme Court's interpretation of the statute in *Deal* [*v. United States*, 508 U.S. 129, (1993)]."  Hence, had the claim been raised on direct appeal, it would not have been

---

[10]Petitioner's third and fourth claims for relief, that petitioner's sentence was in violation of *Booker* and that there was insufficient evidence to support petitioner's convictions are not claims for which ineffective assistance of counsel could constitute cause for a default.  Petitioner's *Booker* claim was rejected because *Booker* cannot be applied retroactively to cases on collateral review and any claim of ineffective assistance of counsel for failing to raise a *Booker* type claim on appeal is foreclosed by Fifth Circuit precedent. Petitioner's insufficient evidence claim was not considered because it had already been fully litigated on direct appeal and, accordingly, under Circuit precedent could not be reconsidered in a  § 2255 Motion.

meritorious.

Third, this Court cannot accept petitioner's argument that the fact that he was without constitutionally guaranteed counsel constitutes a defect in his prior § 2255 proceeding under *Martinez*.  *Martinez* cannot be read as having disturbed the long-standing rule that there is no right to counsel in § 2255 proceedings.  *See Riverea v. United States,* 2012 WL 6553600, *1-2 (E.D. N.Y. 2012) *citing Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further").  To the contrary, the *Martinez* ruling established a "limited qualification" of the rule of *Coleman v. Thompson*, 501 U.S. 722 (1991) as an "equitable matter" and not a "constitutional" holding.[11]  *Id.* at *2 *citing Martinez* 132 S.Ct. at 1319; *Adams,* 679 F.3d

---

[11]The *Martinez* Court explained the differences between a constitutional ruling and its equitable ruling as follows, specifically noting that because the decision was merely equitable, the ruling would not require the appointment of counsel in collateral proceedings, nor would the ruling impose a mandatory system for the appointment of counsel in every state:

> A constitutional ruling would provide defendants a freestanding constitutional claim to raise; it would require the appointment of counsel in initial-review collateral proceedings; it would impose the same system of appointing counsel in every State; and it would require a reversal in all state collateral cases on direct review from state courts if the States' system of appointing counsel did not conform to the constitutional rule. An equitable ruling, by contrast, permits States a variety of systems for appointing counsel in initial-review collateral proceedings. And it permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings. In addition, state collateral cases on direct review from state courts are unaffected by the ruling in this case.

*Martinez*, 132 S.Ct. at 1319-1320.

at 323, fn.6.  As such, the decision did not overrule the Court's prior precedent that a defendant has no Constitutional right to counsel in a § 2255 proceeding.  *Id.* at *2 *citing United States v. Barber*, 2012 WL 3990243, at *1, fn. 1 (W.D. Va. 2012) (on a Rule 60(b) motion challenging the denial of § 2255 relief, rejecting *Martinez*-based claim that petitioner should have had § 2255 counsel), *United States v. Gorham–Bey*, 2012 WL 3155652, at *1, fn. 1 (W.D. Pa. 2012) (denying *Martinez*-based request for appointment of counsel in § 2255 proceeding), *United States v. Rodriguez–Rivera*, 2012 WL 2277784, at *1, fn. 2 (D. Minn. 2012) ("Contrary to Rodriguez's suggestion, *Martinez* did not hold that a defendant has a constitutional right to counsel in a § 2255 proceeding").

Finally, while petitioner argues that this Motion is properly considered under Rule 60(b)(4) and (5), the Fifth Circuit has held that arguments based on changes in the law do not correspond to any of the reasons listed in subsections (1) through (5) of Rule 60(b), but, rather, may appropriately be viewed as asserting a claim under subsection (6).  *See United States v. Rich*, 141 F.3d 550, 551 at fn. 2 (5th Cir. 1998).[12]  However, relying on

---

[12]Even if this were not the case, Rule 60(b)(4) does not apply to petitioner's claim because this Court's prior judgment is not "void" within the meaning of the statutory term. The term "void" describes a result, rather than the conditions that render a judgment unenforceable. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  Hence,  "[a] judgment is not void . . . simply because it is or may have been erroneous."  *Id.*  "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.  The jurisdictional and notice failings that define void judgments that qualify for relief under Rule 60(b)(4) are not present or alleged in this case.

Moreover, Rule 60(b)(5) does not apply to petitioner's claim because the judgment of this Court does not operate prospectively, as in the case of a continuing injunction. *See In re Celano*, 2000 WL 193068, *3 (E.D. La. 2000) *citing Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980) and *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 906 (5th Cir. 1988). "A judgment operates prospectively if it requires a court to supervise changing conduct or conditions that are provisional or tentative." *Celano*, quoting Moody, 849 F.2d at 906 *citing  Cook*, 618 F.2d at 1152-53.  *See also Baum v. Bllue Moon*

16

the Supreme Court's holding in *Gonzalez* and Circuit precedent, the Fifth Circuit has held

that  the Supreme Court's decision in *Martinez* does not constitute "extraordinary

circumstances" to warrant relief under Rule 60(b)(6).  *Adams v. Thaler*, 679 F.3d 312,

319-320 (5th Cir. 2012); *United States v. Correa*, 2013 WL 203558, *1-2 (W.D. Pa. 2013)

(collecting cases); *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (A change

in law after a court issues a final judgment does not constitute an "extraordinary

circumstance," for the grant of relief under Rule 60(b)(6)); *Kay v. Quarterman*, 2009 WL

972972, * 2 (S.D. Tex. 2009) *citing  Hess*, 281 F.3d at 216 and *Gonzalez*, 545 U.S. at

536-537.

To the extent that petitioner also argues that this Court should granted relief under

the independent action doctrine set forth in Rule 60(d), that claim is without merit. The

independent action doctrine set forth in Rule 60(d) states that Rule 60 "does not limit a

court's power to entertain an independent action to relieve a party from a judgment, order,

or proceeding."  Rule 60(d)(1), FRCP.  "This is not an affirmative grant of power but

merely allows continuation of whatever power the court would have had to entertain an

independent action if the rule had not been adopted."  *Hess*, 281 F.3d at 217.

The elements of an independent action are as follows:  (1) a judgment which ought

not, in equity and good conscience, to be enforced; (2) a good defense to the alleged

---

*Ventures, LLC*, 513 F.3d 181, 190 (5th  Cir.2008) (explaining that a Rule 60(b)(5) motion is the
appropriate vehicle for modifying a permanent injunction that has prospective effect).  This Court's prior
Judgment does not involve the supervision of changing conduct or conditions.

cause of action on which the judgment is founded; (3) fraud, accident, or mistake which

prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the

absence of fault or negligence on the part of defendant; and (5) the absence of any

adequate remedy at law.  *Id.  citing Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79

(5th  Cir. 1970).

Petitioner has not satisfied these requirements, especially (3).  There is no fraud

alleged in this case, and the Fifth Circuit has only awarded relief "on the ground of

mistake . . . where mutual mistake is shown and where the party seeking relief is without

fault or negligence in the premises." *Id. citing  West Virginia Oil & Gas Co. v. George E.*

*Breece Lumber Co.*, 213 F.2d 702, 706 (5th Cir. 1954).   Neither of these grounds have

been demonstrated in this case.  Accordingly, no relief is available under the independent

action doctrine.

## III. Merits

However, in the event that this Court has jurisdiction to entertain the instant

Motion under Rule 60(b), the Motion must nevertheless be denied.

As this Court previously determined petitioner has failed to demonstrate that the

government knowingly presented the  perjured testimony of Maurice Thomas.  His claim

therefore fails on the merits.  The Due Process Clause of the Fourteenth Amendment

forbids the government from knowingly using perjured testimony. *Knox v. Johnson*, 224

F.3d 470, 477 (5th Cir. 2000) *citing  Giglio v. United States,* 405 U.S. 150, 153, 92 S.Ct.

763, 31 L.Ed.2d 104 (1972); *United States v. Mason*, 293 F.3d 826, 828 (5th Cir. 2002)

*citing Giglio*, 405 U.S. at 153 and *Napue v. Illinois*, 360 U.S. 264, 271, 79 S.Ct. 1173, 3

L.Ed.2d 1217 (1959).

In order to prove that the government has violated the Fourteenth Amendment by

relying on perjured  testimony, the defendant must demonstrate: (1) that a witness for the

government testified falsely; (2) that such testimony was material; and (3) that the

prosecution knew that the testimony was false. *Knox*, 224 F.3d at 477 *citing Giglio* at

153-54, 92 S.Ct. 763; *Mason,* 293 F.3d at 828 *citing Giglio* and *Know, supra.; United

States v. Haese*, 162 F.3d 359, 365 (5th Cir. 1998) *citing Napue v. Illinois*, 360 U.S. 264,

79 S.Ct. 1173 (1959).

Petitioner fails to satisfy the above enumerated factors.  Accordingly, his claim is

without merit.  Petitioner fails to demonstrate that Maurice Thomas' testimony constituted

perjury. Although petitioner points out alleged inconsistencies between the testimony of

witnesses and witness statements and their trial testimony, contradictory testimony from

witnesses, inconsistencies within a witness' testimony, and conflict between reports,

written statements and the trial testimony of witnesses do not constitute perjury.  *Ruiz v.

Cockrell*, 2003 WL 22038350, *9, adopted by 2003 WL 22231294 (N.D. Tex 2003)

*citing  Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir. 1990); *Kutzner v. Johnson*, 242 F.3d

605, 609 (5th Cir. 2001) ("Conflicting or inconsistent testimony is insufficient to establish

perjury.").  The fact that the witnesses differed on whether the suspect wore a jacket or

hoodie, tan or dark pants, whether one or both suspects took the money bag and whether the taller or shorter suspect carried a gun does not make those statements false. Rather, such testimony merely presents a credibility question for the jury. *Koch,* 907 F.2d at 531; *Tucker v. Day*, 969 F.2d 155, 158-159 (5th Cir. 1992) *citing Little v. Butler*, 848 F.2d 73, 76 (5th Cir. 1988).

Moreover, aside from his bald, unsupported allegations, petitioner has not presented any competent evidence that the government directed or procured Maurice Thomas's allegedly perjured testimony. Petitioner's mere conclusory and unsupported allegations are insufficient to warrant *habeas* relief. *See Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir.1990) *quoting United States v. Woods,* 870 F.2d 285, 288 n. 3 (5th Cir.1989) ("Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."); *United States v. Pineda,* 988 F.2d 22, 23 (5th Cir.1993)(same); *Beazley v. Johnson*, 242 F.3d 248 (5th Cir. 2001) ("conclusory allegations are insufficient to raise a constitutional issue"); *Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir. 1979).

Finally, petitioner fails to establish that the alleged false testimony was material. To the contrary, while Thomas' testimony was important in that he positively identified petitioner as the person with whom he committed the bank robbery and carried the gun during that robbery, the jury was not limited to the testimony of Thomas, or the testimony of the other eye-witnesses in determining the identity of the suspect or the suspect who

20

carried the gun.   Rather, the jury was able to make an independent assessment based on their viewing of videotapes of the bank robbery and a video tape from the Wal-Mart parking lot immediately after the robbery.  Based on this evidence as well as that of the witnesses, the jury ultimately determined that petitioner was the perpetrator who had the gun and who took the blue bag.  Accordingly, petitioner is not entitled to relief on this claim.

Likewise, as this Court previously determined, petitioner's sentencing claim asserted under § 924(c)(1) is foreclosed by the United States Supreme Court's interpretation of the statute in *Deal v. United States*, 508 U.S. 129, 113 S.Ct. 1993 (1993). Petitioner complains that he should not have been sentenced to twenty-five years imprisonment as a second offender (for carrying a gun during the bank robbery) because his conviction for the first offense (carrying a gun during the carjacking) was not yet final.  In *Deal*, the United States Supreme Court rejected this exact argument, holding that the term "conviction," within the meaning of the statute mandating a 25 year sentence in the case of second or subsequent conviction for using or carrying firearm during and in relation to any crime of violence, refers to the finding of guilt by judge or jury, and does not require entry of a final judgment of conviction on the previous offense.  *Deal,* 113 S.Ct. at 1997-1998.

For these reasons;

**IT IS RECOMMENDED** that the instant Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b) be construed as a second or successive federal *habeas corpus* petition pursuant to 28 U.S.C. § 2244(b) and therefore be **DISMISSED** for lack of subject matter jurisdiction, and alternatively, **DENIED** and **DISMISSED** on the merits.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge

issues a certificate of appealability, an appeal may not be taken to the court of appeals.

**Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed this 27th day of June, 2013, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RTH
On:  6/27/2013
By:  MBD