UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:02-CR-20062-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **QUINCY O GUILLORY (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Reduction of Sentence Pursuant to First Step Act 18 U.S.C. § 3582(c)(1)(A)(i)" filed by Defendant Quincy O. Guillory. Defendant requests that the Court reduce his sentence based on the length of the mandatory sentence he received for violations of 18 U.S.C. § 924(C) in relation to the terms that would be applied under current law. The Government opposes the reduction based on the § 3553(a) factors that weigh against the reduction requested.

## INTRODUCTION

Defendant was convicted of an armed "carjacking" robbery in Lafayette, Louisiana and a subsequent armed robbery of a bank in Jennings, Louisiana. The carjacking involved Defendant being armed with a handgun, in which Defendant brandished the firearm and pointed it at a 15-year old teenage girl. Defendant carjacked the vehicle with the teenager still inside. Another juvenile helped the teenager escape from the vehicle.[1]

---

[1] PSR, ¶ 10.

Four days later, Defendant robbed a bank using the stolen vehicle. During the robbery, Defendant brandished a .45 caliber semi-automatic pistol, jumped across the teller counter, and stole $11,269 from the teller drawers.[2]

## PROCEDURAL HISTORY

On May 15, 2002, a federal grand jury returned a six-count indictment charging Defendant with one count of carjacking robbery (18 U.S.C. § 2119), one count of bank robbery (18 U.S.C. § 2113(a) & (d)), two counts of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), two counts of carrying a firearm during a violent crime (18 U.S.C. § 924(c)), and two counts of accessory after the fact (18 U.S.C. § 3).[3]

On March 21, 2003, a jury found Defendant guilty on all six counts. On August 28, 2003, Defendant was sentenced to 105 months imprisonment as to counts 1, 2, 3, and 6; these convictions were associated with the bank robbery, carjacking robbery, and felon in possession of a firearm. The sentences were to run concurrently.[4] Defendant was sentenced to seven (7) years imprisonment as to Count 2 (brandishing a firearm during a violent crime) and 25 years imprisonment as to Count 5 (brandishing a firearm during a violent crime).[5] These sentences were to run consecutively to each other and consecutively to any other sentence. Consequently, the total term of imprisonment was forty (40) years and nine (9) months.[6]

---

[2] PSR ¶ 16.
[3] Doc. 1.
[4] Doc. 129.
[5] Doc. 133.
[6] Docs. 128, 129, and 133.

The Fifth Circuit affirmed Defendant's convictions and sentence.[7] The United States Supreme Court denied certiorari.[8]

## LAW AND ANALYSIS

At the time of Defendant's conviction, 18 U.S.C. § 924(c) imposed 25-year consecutive sentence for all but a defendant's first count of conviction, even if a defendant obtained all of his § 924(c) convictions as a result of a single indictment. 18 U.S.C. § 924(c)(1)(C)(i) (2005). In 2018, Congress amended § 924(c) to require a defendant's conviction be "final" before the enhanced 25-year consecutive minimum sentence applied to any additional § 924(c) convictions. *See* First Step Act of 2-18, Pub. L. 115-391, 132 Stat. 5222, § 403 ("in the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years. . . .").

The First Step Act's amendments removed the possibility of "stacking" for a defendant that had not already been convicted for a § 924(c) violation. However, the First Step Act expressly stated that this change to 18 U.S.C. § 924(c) applied only prospectively. Moreover, because it did not make this change retroactive, it does not affect any sentences that were already imposed. *See* First Step Act, § 403(b) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

---

[7] Doc. 137.
[8] *Guillory v. United States*, 543 U.S. 1079, 125 S.Ct. 938 (2005).

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the

defendant is not a danger to the safety of any other person or the community, as provided in 18 US.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement."[9] U.S.S.G. § 1B1.13.

In *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when it rules on motions filed by defendants on their own behalf after Congress amended § 3582(c)(1)(A) to permit such filings. After exhausting his administrative remedies, *Shkambi* had filed a motion for compassionate release in the district court, citing as an "extraordinary and compelling reason" for relief his fear of a COVID-19 re-infection because he took immunosuppressant medication for gout. The district court dismissed the motion and found that *Shkambi's* extraordinary-and-compelling-reason argument "failed because it was untethered to the Sentencing Commission's binding applicable policy statement in section 1B1.13 of the Sentencing Guidelines." *Shkambi*, 993 F.3d at 388 (cleaned up).

On appeal, the Fifth Circuit reversed and remanded. Tracing the history of § 3582(c)(1)(A), the Court observed that the First Step Act had made a significant change to the statute. The former version authorized only the Director of the BOP to file motions for a sentence reduction, whereas, the amended First Step Act, defendant could "move on their

---

[9] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

own accord," after exhausting their administrative remedies. *Shkambi,* 993 F.3d at 390. Other aspects of § 3582 remained unchanged. *Id.* at 391.

The *Shkambi* court also held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court … is bound only by § 3582(c)1(A)(i) and, as always, the sentencing factors in § 3553(a)". *Shkambi*, 993 F.3d at 392.

Here, Defendant seeks to reduce his sentence and argues that he has extraordinary and compelling reasons for doing so. Namely, that the § 924(c) convictions and consecutive sentencings, which resulted in stacking, should be reduced to be commensurate with the amendment to § 924(c) under the First Step Act. Defendant does not assert that illness, advanced age, or other unique personal or familial obligations justify a reduction in his sentence.

Defendant maintains that if he were convicted today, his sentence would be much less, because the amendment requires that the first conviction be final. Therefore, Defendant contends that there is a disparity between his current sentence under § 924(c) and the minimum sentence he would be eligible for if convicted today. Defendant argues that this disparity is an "extraordinary and compelling reason" for a sentence reduction.

The Government argues that the non-retroactivity of the amendments does not constitute an "extraordinary and compelling" reason for a sentence reduction. *United States v. Kizer*, 853 Fed. Appx. 997, 988 (5th Cir. 2021) (unpublished) (finding no abuse of discretion in district court's denial of § 3582(c)(1)(A) motion, for "even if the sentencing changes for § 924(c) convictions could be an extraordinary and compelling reason, the §

3553(a) factors militated against reduction"); *United States v. Coats*, Fed. Appx. 941, 942 (5th Cir. 2021) (unpublished) (affirming the denial of the § 3582(c) motion because the district court did not find itself bound by § 1B.13 in contravention of *Shkambi*, even if the assumption was made that "the post-sentencing legal developments on which [defendant] relies could be considered as extraordinary and compelling reasons for a sentence reduction.").

The Government notes that there is a split in the Circuits as to whether the changes to the consecutive provisions of § 924(c) are extraordinary and compelling reasons to warrant a sentence reduction. *See United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), *cert. denied,* 124 S.Ct. 1363 (2022) (finding that the change to § 924(c) cannot constitute an extraordinary and compelling reason for a sentencing reduction); *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021) (same, but for different reasons); *United States v. Loggins*, 966 F.3d 891, 892-893 (8th Cir. 2020) (same, but for different reasons).

The Fourth Circuit in *United States v McCoy*, 981 F.3d 271, 285-287 (4th Cir. 2020) held that the sentencing disparity resulting from the anti-stacking amendment to § 924(c) may constitute an extraordinary and compelling reasons. The Tenth Circuit in *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021) has "adopted the middle ground" and determined that "the sentencing disparity resulting from a nonretroactive change to sentencing law in the First Step Act may serve in combination with other rationales as an extraordinary and compelling reason for early release." *Thacker*, F.4th at 575.

Here, the Government argues that the nonretroactivity of the First Step Act to "stacking" under § 924(c) is neither extraordinary nor compelling. The Court agrees. In

passing the First Step Act, Congress expressly rejected the notion that defendants already serving sentences based on § 924(c)'s "stacked" penalty provisions should benefit from the First Step Act's changes to the law. *See* First Step Act § 403(b) (stating that § 924(c)'s amended penalties apply only prospectively—that is, "if a sentence for the offense has not been imposed as of such date of [the First Step Act's] enactment"—and thus does not apply to defendants already serving sentences under the former version of § 924(c)).

The Government further notes that Congress expressly made other portions retroactive. See § 404 of the Act. Thus, it would be illogical for Congress to intend to create a new mechanism for defendants to benefit retroactively from the change to § 924(c) by giving defendants the procedural right to petition district courts directly for compassionate release. *See also United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972) (restating the well-established canon of statutory interpretation that, "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.")

In addition, the Government maintains that applying the § 3553(a) factors, the nature and circumstances of Defendant's offenses weighs heavily against release. "The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)." *United States v. Harper*, 2021 WL 2457193, at *4 (W.D. La. June 16, 2021).

In addressing Defendant's contention that he was only 28 years old when he committed the offenses, and that he has had only two high-level disciplinary infractions

during his incarceration, the Government notes first the seriousness of Defendant's crimes. The Government further informs the Court that the high-level offenses committed while incarcerated included introducing narcotics into the BOP.[10]

The Court finds that the discretionary authority conferred by § 3582(c)(1)(A) cannot be used to effect a sentencing reduction at odds with Congress's express determination in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively. In other words, discretion conferred by § 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction. The Court finds that Defendant has not shown and "extraordinary and compelling" reason for relief, and furthermore the § 3553(a) factors weigh heavily against a reduction in sentence.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Motion for Reduction of Sentence Pursuant to First Step Act 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 26th day of August, 2022.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[10] This infraction is a 100-level, the highest offense.