**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:02-CR-20062-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **QUINCY O GUILLORY (01)** | **RETIRED MAG JDG JRS KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Compassionate Release and/or Reduction in Sentence Pursuant to First Step Act 18 U.S.C. 3582(c)(1)(A)(i)" (Doc. 208). Defendant, Guillory, argues that his sentence should be reduced based on what he refers to as an unusually long sentence, "non retroactive" changes in law, his significant rehabilitation, overwhelming community support, and the disparity between the sentence he is currently serving and the sentence Congress deemed more appropriate in codifying the First Step Act of 2018. Additionally, Guillory relies on updated amendments made by the United States Sentencing Commission in 2023 to the United States Sentencing Guidelines ("U.S.S.G.)

## INTRODUCTION

Defendant was convicted of an armed "carjacking" robbery in Lafayette, Louisiana and a subsequent armed robbery of a bank in Jennings, Louisiana. The carjacking involved Defendant being armed with a handgun, in which Defendant brandished the firearm and

pointed it at a 15-year old teenage girl.  Defendant carjacked the vehicle with the teenager still inside. Another juvenile helped the teenager escape from the vehicle.[1]

Four days later, Defendant robbed a bank using the stolen vehicle.  During the robbery, Defendant brandished a .45 caliber semi-automatic pistol, jumped across the teller counter, and stole $11,269 from the teller drawers.[2]

## PROCEDURAL HISTORY

On May 15, 2002, a federal grand jury returned a six-count indictment charging Defendant with one count of carjacking robbery (18 U.S.C. § 2119), one count of bank robbery (18 U.S.C. § 2113(a) & (d)), two counts of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), two counts of carrying a firearm during a violent crime (18 U.S.C. § 924(c)), and two counts of accessory after the fact (18 U.S.C. § 3).[3]

On March 21, 2003, a jury found Defendant guilty on all six counts. On August 28, 2003, Defendant was sentenced to 105 months imprisonment as to counts 1, 2, 3, and 6; these convictions were associated with the bank robbery, carjacking robbery, and felon in possession of a firearm. The sentences were to run concurrently.[4] Defendant was sentenced to seven (7) years imprisonment as to Count 2 (brandishing a firearm during a violent crime) and 25 years imprisonment as to Count 5 (brandishing a firearm during a violent crime).[5] These sentences were to run consecutively to each other and consecutively to any

---

[1] PSR, ¶ 10.

[2] PSR ¶ 16.
[3] Doc. 1.
[4] Doc. 129.
[5] Doc. 133.

other sentence. Consequently, the total term of imprisonment was forty (40) years and nine (9) months.[6]

The Fifth Circuit affirmed Defendant's convictions and sentence.[7] The United States Supreme Court denied certiorari.[8] Guillory filed a Motion to Vacate pursuant to 28 U.S.C. § 2255,[9] which was denied.[10] Guillory then filed a Motion for Reconsideration,[11] which was also denied.[12] Guillory appealed that Ruling and a Certificate of Appealability was denied by the Fifth Circuit Court of Appeals.[13] Guillory then filed a Motion for Relief from Judgment that was ultimately denied and dismissed for lack of subject matter jurisdiction and on the merits.[14] Guillory filed a Letter/Motion requesting relief under the Criminal Justice Reform Bill, which was also denied.[15] Guillory filed a Motion to Reduce Sentence Pursuant to First Step Act under 18 U.S.C. § 3582(c)(1)(A)(i) that was also denied.[16] Guillory appealed the Court's ruling[17] to the Fifth Circuit, who affirmed this Court's Judgment.[18] Guillory now files the instant Motion.

## LAW AND ANALYSIS

Similar to his previous Motion for Reduction of Sentence, Guillory argues that there are "extraordinary and compelling reasons" to reduce his sentence due to the inequity

---

[6] Docs. 128, 129, and 133.
[7] Doc. 137.
[8] *Guillory v. United States*, 543 U.S. 1079, 125 S.Ct. 938 (2005).
[9] Doc. 140.
[10] Doc. 155.
[11] Doc. 156.
[12] Doc. 157.
[13] Doc. 166.
[14] Doc. 178.
[15] Docs. 181 and 182.
[16] Docs. 191 and 198.
[17] Doc. 199.
[18] Doc. 207.

between his current sentence and the sentences imposed on similar defendants after the passage of the First Step Act citing *United States v. Jean*, 108 F.4th 275 (5th Cir. 2024). Guillory argues that in *Jean*, the court found "extraordinary and compelling reasons" for a sentence reduction because defendants were "subjected to mandatory stacking of multiple counts of *924(c)* under the previous policy statement..." *Id.*, p. 6. Additionally, Guillory relies on the newly promulgated extraordinary and compelling reason titled "Unusually Long Sentence." See U.S.S.G. § 1B1.13(b)(6).

The Government argues that Guillory's reliance on *Jean* and U.S.S.G. § 1B1.13(b)(6) are misplaced, and the § 3553(a) factors still weigh against a sentence reduction. As noted by the Government, the First Step Act's amendment removed the possibility of a defendant receiving an enhanced 25-year "stacked" sentence without already having obtained a § 924(c) conviction from a previous case.  However, the First Step Act did not make this change retroactive.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010).   Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 US.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement."[19] U.S.S.G. § 1B1.13.

In a recent opinion addressing compassionate release motions, the Fifth Circuit explained that "extraordinary" means "beyond or out of the common order, remarkable,

---

[19] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

and synonymous with singular," while "compelling" "means to drive or urge with force, or irresistibly, to force, and to subjugate." *United States v. Escajeda*, 58 F.4th. 184, 186 (5th Cir. 2023). Thus, "these terms explain why prisoners can seek relief under section 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id.*

The Sentencing Commission, under U.S.S.G. § 1B1.13(b)(6), recently created new guidance for extraordinary and compelling reasons titled "Unusually Long Sentence." This provision, which the defendant cites, provides specifically:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). The Government argues that Guillory is not eligible and remarks that Guillory does not assert that illness, advanced age, or other unique personal or familial obligations justify a reduction in sentence; instead, he argues the disparity in his sentence as compared to sentences imposed after passage of the First Step Act. As noted by the Government, non-retroactive amendments do not constitute an "extraordinary and compelling" reason for a sentence reduction. *United States v. Kizer*, 853 Fed. Appx. 997, 988 (5th Cir. 2021) (unpublished) (finding no abuse of discretion in district court's denial of § 3582(c)(1)(A) motion, for "even if the sentencing changes for § 924(c) convictions could be an extraordinary and compelling reason, the § 3553(a) factors militated against

reduction"); *United States v. Coats*, Fed. Appx. 941, 942 (5th Cir. 2021) (unpublished) (affirming the denial of the § 3582(c) motion because the district court did not find itself bound by § 1B.13 in contravention of *U.S. v. Shkambi*, 993 F.3d 388 (5th Cir. 2021), even if the assumption was made that "the post-sentencing legal developments on which [defendant] relies could be considered as extraordinary and compelling reasons for a sentence reduction.").

Defendants can seek a sentence reduction for "extraordinary and compelling reasons" under Section 3582(c)(1)(A) "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Escajeda.* 58 F. 4th at 186, (citing *Chambliss,* 948 F.3d at 693 (discussing terminal illness)). Notably, the Court also held that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence [.]" *Id.* at 187. See also *United States v. McMaryion*, 2023 WL 4118015 (5th Cir. June 22, 2023) (unpublished) (rejecting inmate's argument "that he should get a sentencing reduction because the First Step Act reduced the statutory minimums applicable to his offense.)

Recently, in *United States v. Austin*, the Fifth Circuit ruled that compassionate release claims arising from non-retroactive changes in the law are not cognizable under 18 U.S.C. § 3582(c)(1)(A) despite the addition of subsection (b)(6) to the Sentencing Commission's policy statement. *United States v. Austin*, 125 F.4th 688 (5th Cir. 2025). In *Austin,* the Fifth Circuit upheld its earlier ruling in *Escajeda*, in which it found that a non-retroactive change in the law is neither "extraordinary" or "compelling." *Id.* at 691-692. Further, the court in *Austin* ruled that § 1B1.13(b)(6) "changes nothing" because "the

Sentencing Commission cannot make retroactive what Congress made non-retroactive." *Id.* at 692 (citing *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam)). Additionally, the *Austin* court rejected the findings and reasoning of the court in *Jean.* As such, Guillory's reliance on *Jean* is misplaced.

"The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)." *United States v. Harper*, 2021 WL 2457193, at *4 (W.D. La. June 16, 2021). Considering the § 3553(a) factors, the Court finds that the nature and circumstances of Guillory's offenses of conviction weigh heavily against a reduction as this Court has found in prior rulings. Guillory cannot undo what he has already done.  And finally, as the Government points out, Guillory's disciplinary history while incarcerated reveals that he was sanctioned in 2019 for introducing narcotics into a BOP facility with a 100-level infraction, the most serious within the BOP's disciplinary system. This incident speaks volumes of Guillory lack of rehabilitation and that he is still a danger to the community.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that the Motion for Compassionate Release and/or Reduction in Sentence Pursuant to First Step Act 18 U.S.C. 3582(c)(1)(A)(i) (Doc. 208) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 24th day of March, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**